IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WENDALL ERNEST JONES-EL, #319885       *
    Petitioner,
        v.                                *       Civil Action No. DKC-17-3611

FRANK BISHOP, *et al*.                 *
    Respondents.
                               *****

**MEMORANDUM OPINION**

**Case History**

On December 4, 2017, the court received a self-represented 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus relief, dated November 29, 2017, raising a collateral attack on Wendall Ernest Jones-El's 2004 convictions in the Circuit Court for Prince George's County, Maryland. Jones–El raised the following claims:

- trial court error in coercing the jury into rendering a verdict;

- Jones-El was denied his right to be present at all critical stages of trial and trial counsel denied Jones-El effective assistance in failing to secure Jones-El's presence;

- Jones-El was denied his constitutional right to testify on his own behalf and trial counsel denied Jones-El effective assistance in failing to ensure a valid waiver;

- Jones-El was denied effective assistance when counsel failed to ask for curative action as to prosecutor's efforts to inject prejudicial information through questioning, in defiance of trial court's admonishment to refrain from such action;

- trial counsel rendered ineffective assistance by failing to object to State's leading direct and re-direct examination of witnesses Joseph Hardy, Davon Brown, Sean Vincent, and Loretta Long;

- trial counsel rendered ineffective assistance by failing to present any argument at hearing in support of defense suppression motions; and

- the cumulative effect of trial counsel's errors denied Jones-El his Sixth Amendment right to effective assistance of counsel.

ECF No. 1, pp. 6-17.

On January 23, 2018, Respondents provided a court-ordered response, arguing that the Petition should be dismissed as successive. ECF No. 5.

**Background and Procedural History**

On January 20, 2004, Jones-El was convicted by a Prince George's County Circuit Court jury of first degree murder, use of a handgun in the commission of a crime of violence, and handgun possession. *See Jones v. Shearin*, Civil Action No. DKC-13-409 (D. Md.) at ECF No. 8. On March 26, 2004, he was sentenced to serve a sentence of life plus a twenty year term of incarceration. The convictions were affirmed by the Court of Special Appeals of Maryland on March 7, 2005, and the mandate was issued on April 6, 2005. Jones-El did not seek further direct appellate review. *Id*.

On March 26, 2008, Jones-El filed a motion to correct an illegal sentence, which was denied by the Circuit Court for Prince George's County on April 30, 2008. The appeal of that ruling was denied and the judgment affirmed on September 9, 2009, but the Court of Special Appeals remanded the case back to the Circuit Court for clarification of Jones-El's handgun conviction. The Circuit Court complied with the appellate court mandate on March 1, 2010. Jones-El filed no further state post-conviction motions or petitions. *Id*.

Jones-El filed his first 28 U.S.C. § 2254 challenge to his 2004 convictions in this court on February 4, 2013. *Id*., ECF No. 1. That Petition was denied as time-barred on May 30, 2013. *Id*., ECF Nos. 8 & 9. Jones-El's appeal of that decision was dismissed and a certificate of appealability was denied by the United States Court of Appeals for the Fourth Circuit on September 6, 2013. *Jones v. Shearin*, Civil Action No. DKC-13-409 (D. Md.), ECF No. 13; *see also Jones v. Shearin*, 539 F. App'x 189, 2013 WL 4767772 (4th Cir. 2013).

**Analysis**

Jones-El may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). Jones-El's first § 2254 application was dismissed on the merits. *See In re: Rains*, 659 F.3d 1274 (10th Cir. 2011); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) (petition that is properly dismissed as time-barred constitutes an adjudication on the merits for successiveness purposes). See also, *In re: Phillips*, 879 F.3d 542 (4th Cir. 2081) (denying application to file second and successive petition when first was denied as untimely). The Petition is successive and this court may not consider it until the Fourth Circuit enters an order authorizing this court to do so.[1] *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Jones-El has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Jones-El wish to seek authorization to file a successive petition. It is to be emphasized that Jones-El must file the "motion" with the Fourth

---

[1] The Court has examined the Public Access to Court Electronic Records (PACER) database and finds no evidence that Jones-El has sought authorization to file a second § 2254 petition with the United States Court of Appeals for the Fourth Circuit.

Circuit and obtain authorization to file his successive petition before this court may examine his claims.

**Certificate of Appealability**

When, as here, a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). Denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Jones-El has not made the aforementioned showing, this Court will not issue a COA.[2]

Date: February 26, 2018                   /s/
                                DEBORAH K. CHASANOW
                                United States District Judge

---

[2] On December 15, 2017, Jones-El's motion for leave to proceed *in forma pauperis* was dismissed without prejudice and he was directed to resubmit an indigency motion or the $5.00 habeas corpus filing fee. ECF No. 3. The court received neither a renewed motion nor the $5.00 fee. Jones-El did file a prisoner trust fund account statement and subsequently inquired into the status of his "resubmitted" indigency motion. ECF Nos. 4 & 6. Nonetheless, in light of the dismissal of this action, Jones-El will not be required to cure this omission.